POLEN, Judge.
This is an interlocutory appeal from a non-final order issuing a temporary injunction in favor of appellees. We reverse the order.
Appellee, Roscioli International, Inc. [hereinafter Roscioli], filed suit against appellant, Donzi Marine Corporation [hereinafter Donzi], alleging that it had executed an agreement for the purchase of Donzi’s Z-65 sport fishing boat division, as well as a sublicense of Donzi’s trademarks. In payment for the purchase price of the transaction plus the value of the division’s inventory and work-in-progress, Roscioli paid $500,000.00 in cash with the balance of the purchase price secured by a negotiable promissory note in the amount of $1,468,-756.01.
In its complaint, Roscioli alleged that its agreement contained a warranty whereby Donzi agreed to bear the expense of all repairs on certain Z-65 hulls sold prior to the transaction. Included among these was “Hull No. 6.” Roscioli alleged that Donzi knew of an irreparable defect in Hull No. 6 resulting from the manufacture of the Hull. Roscioli had made several repairs to the hull and Donzi wrongfully refused to reimburse Roscioli for all repairs except the first.
Roscioli alleged that the amount due under the promissory note should be decreased on the basis of Donzi’s fraudulent misrepresentation with respect to Hull No. 6, and moved for a temporary injunction seeking to enjoin Donzi from collecting on the promissory note until the amount due under the note could be determined. Rosci-oli presented testimony to support its argument that Hull No. 6 was defectively manufactured. Robert Roscioli, president of Roscioli International, Inc., testified that as a result of a lawsuit filed against his corporation by the current owners of Hull No. 6, he was unable to secure financing to make the balloon payment due to Donzi on the promissory note. Roscioli’s business consultant testified to his belief that if Donzi instituted foreclosure proceedings against Roscioli pursuing the security interest it had in the Z-65 molds, Roscioli’s plant *147 would be forced to close and the Donzi trademark would be worthless.
The trial court issued an order granting Roscioli’s motion for temporary injunction, enjoining Donzi from instituting an action for the collection of payment under the promissory note and from instituting an action for foreclosure on Roscioli’s assets pending final judgment in the action. More specifically, the injunction states in pertinent part:
ORDERED AND ADJUDGED that. Defendant DONZI MARINE CORPORATION and its officers, employees, agents, and representatives are enjoined from collecting and instituting an action for the collection of payment or money due under the Promissory Note dated January 29, 1988, executed by ROSCIO-LI INTERNATIONAL, INC. in favor of DONZI MARINE CORPORATION in the face principal amount of $1,468,-756.01, pending final judgment in the above-entitled action.
FURTHER ORDERED AND ADJUDGED that the Defendant DONZI MARINE CORPORATION and its officers, employees, agents and representatives are enjoined from seizing, foreclosing or executing upon and instituting legal proceedings for seizure, foreclosure or execution upon any of the assets of Plaintiff ROSCIOLI INTERNATIONAL, INC. pursuant to the Security Agreement executed by ROSCIOLI INTERNATIONAL, INC. in favor of DONZI MARINE CORPORATION, dated January 29, 1988, pending final judgment in the above-entitled action.
The trial court’s order actually prohibits Donzi from instituting an action to either collect on the note or foreclose on the assets, thus denying Donzi access to the courts. While the trial court may have jurisdiction to consider the various legal claims asserted by the parties and to determine the procedure by which they may be resolved, the court cannot prohibit those claims from being asserted. The injunctive relief granted by the trial court has the effect of prohibiting Donzi from filing compulsory counterclaims to Roscioli’s complaint or seeking other legal relief. Therefore, we reverse the order granting Roscio-li’s motion for temporary injunction and remand for further proceedings.
Further, if Donzi should institute proceedings in an attempt to collect on the promissory note or foreclose on the assets, we would expect that the mechanism for consolidation of such actions contained in Florida Rule of Civil Procedure 1.270 would be utilized by the parties so as to avoid the possibility of inconsistent results.
REVERSED and REMANDED.
ANSTEAD, J., concurs.
GUNTHER, J., concurs in result only.